DECISION AND JUDGMENT ENTRY
{¶ 1} This matter is before the court on appeal from the judgment and sentence of the Lucas County Court of Common Pleas which, following a no contest plea, found appellant, Stephen C. Kingdom, guilty of one count of gross sexual imposition, in violation of R.C. 2907.05(A)(4), and one count of gross sexual imposition, in violation of R.C. 2907.05(A)(1). Appellant raises the following assignments of error:
 {¶ 2} "I. It constituted error to impose a sentence greater than the shortest prison term authorized by law.
 {¶ 3} "II. It constituted error to find that appellant was not amenable to community control.
 {¶ 4} "III. It constituted error to find that appellant `caused physical harm to a person.'"
 {¶ 5} On December 17, 2001, an information was filed charging appellant with two counts of gross sexual imposition, third and fourth degree felonies. The charges stemmed from evidence that appellant, on several occasions, had sexual contact with the two sons of his girlfriend, one of which was under the age of thirteen.
 {¶ 6} Appellant was arraigned on January 23, 2002, and entered a plea of no contest to the charges. Following statements made by the state, appellant was found guilty and the matter was referred to the Pretrial/Presentence Department for a presentence investigation and to the Court Diagnostic and Treatment Center for a sexual offender classification evaluation.
 {¶ 7} On February 27, 2002, a sentencing hearing was held. Prior to imposing sentence, the trial court indicated that it had reviewed the recommendations of the agencies and the victim impact letters. The court noted that the age of the children, the duration of the abuse, and the position of trust that appellant had been in all impacted the prison term to be imposed for the charges. The court then stated:
 {¶ 8} "Since I find that the factors increasing seriousness outweigh those decreasing seriousness, that this is a sex offense, these were sex offenses, I am ordering for the gross sexual imposition, which is a felony of the third degree, a penalty of three years in prison. On the gross sexual imposition, felony of the fourth degree, the penalty of 12 months in prison, and they are to be run consecutively because we had two separate victims, and the order of harm is extremely serious."
 {¶ 9} The court further found that appellant was a sexually oriented offender under R.C. Chapter 2950.
 {¶ 10} In appellant's first assignment of error he argues that the trial court erroneously sentenced him to more than the minimum sentence because he was a first time offender and had not previously been incarcerated. Appellant correctly states that according to R.C. 2929.14(B), the court was required to impose "the shortest prison term authorized for the offense * * * unless the court finds on the record that the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crime by the offender on others." See State v. Edmonson (1999), 86 Ohio St.3d 324, 326-327. It is undisputed that the court did not make the necessary findings. Accordingly, appellant's first assignment of error is well-taken.
 {¶ 11} Appellant's second and third assignments of error dispute certain findings made by the trial court at sentencing. Because these issues will be revisited on remand, we need not address them at this time. Accordingly, appellant's second and third assignments of error are moot and not well-taken.
 {¶ 12} On consideration whereof, we find that the judgment of the Lucas County Court of Common Pleas is reversed, appellant's sentence is vacated, and the case is remanded to the trial court for resentencing. Costs of this appeal are assessed to appellee.
 JUDGMENT REVERSED.
Knepper and Glasser, JJ., concur.
Judge George M. Glasser, retired, sitting by assignment of the Chief Justice of the Supreme Court of Ohio.